I IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:94-cr-00090 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | |
| KEITH JONES | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant's *pro se* Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the "First Step Act" (Doc. No. 279); a Notice Regarding Section 404 of the First Step Act (Doc. No. 282), filed by counsel for Defendant; and a Supplemental Filing (Doc. No. 283), filed by Defendant *pro se*.

Through his filings, Defendant seeks a reduction in his sentence based on Section 404 of the First Step Act. Section 404 of the First Step Act, which was signed into law on December 21, 2018, allows courts to retroactively reduce the sentence of offenders convicted of certain crack cocaine offenses. Section 404 provides:

> (a) Definition of Covered Offense – In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants Previously Sentenced – A court that imposed a sentence for a covered offense may, on motion of the defendant the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations – No court shall entertain a motion made under this section to reduce

a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act (Public Law 111-220; 124 Stat. 2372), or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.

Through a Superseding Indictment (Doc. No. 181), Defendant was charged with a drug trafficking conspiracy involving powder cocaine (Count One); two substantive drug trafficking counts involving powder cocaine (Counts Two and Three); one substantive drug trafficking count involving cocaine base (crack cocaine) (Count Four); and a firearm offense (Count Five). On March 27, 1996, Defendant pled guilty pursuant to a Plea Agreement, before now-retired Judge Thomas A. Wiseman, Jr., to Counts One, Two and Three, the drug trafficking charges involving powder cocaine. (Doc. Nos. 213, 235, 246). The Plea Agreement provided for an agreed 30-year sentence and the dismissal of Counts Four and Five. (Doc. Nos. 235, 246). At the subsequent sentencing hearing, Judge Wiseman imposed a total sentence of 360 months of imprisonment on Counts One, Two and Three, and Counts Four and Five were dismissed as part of the Amended Judgment. (*Id.*)[1]

Although Section 404 permits the retroactive reduction of certain drug trafficking sentences, that Section applies only to those convicted of crack cocaine offenses. S*ee, e.g., United States v. Copple,* 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019) (First Step Act applies only to crack cocaine offenses); *United States v. Gonzalez-Oseguera*, 2019 WL 1270916, at *2 (D. Haw.

---

[1] Defendant contends he was convicted of the crack cocaine offense in Count Four based on statements in briefs filed by previous attorneys at earlier stages of this case. (Doc. No. 283, at 4, 6). Those statements are inaccurate.

Mar. 19, 2019) (same). Defendant's convictions involved powder cocaine. Accordingly, Defendant's Motion for Imposition of a Reduced Sentence (Doc. No. 279) is **DENIED.**

It is so **ORDERED**.

                                                                                        _____
                                                                                        WILLIAM L. CAMPBELL, JR.
                                                                                        UNITED STATES DISTRICT JUDGE